### In re MAYTAG CORP. NEPTUNE WASHER PRODUCTS LIABILITY LITIGATION

Robbie Lee Bishop v. Maytag Corp., et al., D. South Carolina, C.A. No. 7:04–1126

Edward Raniszewski v. Maytag Corp., et al., W.D. Tennessee, C.A. No. 2:04–2239

Teddy Nichols v. Maytag Corp., et al., S.D. West Virginia, C.A. No. 6:04–346

No. MDL 1617.

Judicial Panel on Multidistrict Litigation.

Aug. 24, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN,* Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending in the District of South Carolina, the Western District of Tennessee, and the Southern District of West Virginia, respectively.[1] Common defendant Maytag Corp. and two of its affiliates move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of Iowa. Plaintiff in a now dismissed Southern District of Illinois potential tag along action agreed with movants on centralization of the MDL–1617 actions, but he favored selection of the Southern District of Illinois as transferee district. Oppositions to transfer have been registered by plaintiffs in the three actions now before the Panel, as well as the plaintiffs in District of Maryland and Eastern District of North

---

* Judge Hansen took no part in the decision of this matter.

1. The Panel has been notified of two additional related actions recently removed to the Eastern District of North Carolina and the District of Maryland, respectively. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001). A third potentially related action that had been filed in the Southern District of Illinois was ordered dismissed on July 26, 2004. Further consideration of Section 1407 transfer with respect to the Illinois action has thus been mooted.

Carolina potential tag-along actions. If the Panel determines to order transfer over their objections, then i) the plaintiffs in the District of South Carolina and Southern District of West Virginia actions now before the Panel are joined by the plaintiffs in the Maryland and North Carolina potential tag-along actions in favoring selection of the Northern District of West Virginia as the transferee forum; and ii) plaintiff in the Western District of Tennessee action would favor selection of his Tennessee district as transferee forum (a district also suggested as an alternative forum choice by the proponents of the Northern District of West Virginia forum).

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of West Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions brought by persons who seek to recover damages because of alleged defects in Maytag "Neptune" washing machines. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to jurisdictional and class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the Southern District of West Virginia is an appropriate forum for this docket, we note that the West Virginia district, where an MDL–1617 constituent action is already proceeding, is well equipped with the resources that this docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions in this litigation pending outside the Southern District of West Virginia are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings with the action pending in that district.